LETTS, Judge,
specially concurring.
I agree that Burk, supra, governs this case. However, while considering the particular matter now before us, I realize that the statement by the Florida Supreme Court in Miami Herald Publishing Co. v. Lewis, 426 So.2d 1 (Fla.1982), that “[tjhere is no first amendment protection of the press’ rights to attend pretrial hearings” is suspect, if it relies; as it appears to, on Gannett Co. v. DePasquale, 443 U.S. 368, 99 S.Ct. 2898, 61 L.Ed.2d 608 (1979). If the Florida court continues to be of the same mind when it addresses the issue of pretrial depositions, it should not, as I did in Burk when I quoted Lems, rely on Gannett. The Gannett decision, while admittedly equivocal, is clarified in a later United States Supreme Court case where it is confirmed that the media has in fact a “qualified” first amendment right to attend pretrial suppression hearings. Waller v. Georgia, — U.S.-, 104 S.Ct. 2210, 81 L.Ed.2d 31 (1984).
I would also certify this particular case. True, to do so should be an unnecessary exercise because of Jollie v. State, 405 So.2d 418 (Fla.1981). However, the issue is certainly of great public importance, the certification has been requested, and it makes it that much easier for the litigants if we do so.